GEORGE J. CHRISTGAU, Respondent, *v.* STANDARD FIRE INSURANCE . COMPANY OF NEW JERSEY, Appellant.

*Insurance — fire insurance — proofs of loss — evidence of value.*

Appeal from a judgment of the Supreme Court, entered in the Erie county clerk's office on the 26th day of September, 1916, and also from an order entered on the 3d day of October, 1916.

Judgment and order affirmed, with costs. All concurred, except Foote, J., who dissented, and Merrell, J., who dissented in a memorandum.

MERRELL, J. (dissenting): I dissent upon the following grounds: (1) The verdict is excessive. (2) There was no timely service of proofs of loss as required by the contract of insurance, and plaintiff offered no sufficient evidence upon which defendant could be said to have waived the service thereof. (3) The trial court erroneously refused to admit in evidence the inventory and appraisal in the proceedings in bankruptcy of the Los Angeles Pure Fruit Company, in connection with plaintiff's cross-examination, and as bearing upon his evidence on value of the property destroyed. (4) That the trial court erroneously refused to charge the jury that, if the property destroyed was not salable, it had no market value.

ALVINA STAHLBERG, Appellant, *v.* THE PROTECTED HOME CIRCLE, Respondent.

PER CURIAM: We are of the opinion that in view of the interest of the defendant's witnesses in exculpating themselves from fault, a fair question of fact was presented upon the evidence, as to whether the death of the deceased was accidental or suicidal. The evidence of the personal history of the deceased was very meager, and nothing to indicate a suicidal tendency upon his part. We are not convinced that the result would probably be different upon another trial. All concurred, except Foote and De Angelis, JJ., who dissented, and voted for affirmance. Order reversed, with costs, and verdict of the jury reinstated, with costs.

ROSA SALZANO, Respondent, v. MARINE INSURANCE COMPANY, LTD., Appellant.— Judgment and order affirmed, with costs. All concurred, except Lambert and Merrell, JJ., who dissented upon the grounds: 1. That the verdict is against the weight of the evidence. 2. That even if any insurance was effective, the car burned was not that covered by the policy.